TRIBOLINI, Appellant, vs. FEDERAL BUSINESS APPRAISERS COMPANY, Respondent.

*September 17—October 7, 1952.*

252

*Sydney M. Eisenberg* and *Harold Harris,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Rubin & Ruppa,* attorneys, and *Nathan Ruppa* and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Mr. Wegner.*

CURRIE, J. The question before us on this appeal is whether the learned judge of the circuit court was correct in determining that the findings of fact of the civil court, upon which findings the original judgment for the plaintiff was entered, are against the great weight and clear preponderance of the evidence.

It is undisputed in the testimony that the matter of paying for the gasoline in the tanks was brought up at the closing conference by Samuel Grossman and not by any representative of the defendant as agent for the seller. It is also undisputed that Grossman knew nothing about the original offer to purchase by plaintiff and had nothing to do with that transaction. His presence at the closing conference had been requested only because his consent to the changing of the tenancy was necessary. There is also no evidence whatever that the defendant in any way acted as agent for Grossman, or the latter's brother. Therefore, the finding made by the civil court, that the defendant *"in the interest of the owner of the property"* (evidently referring to the landlords) had attempted to include in the contract a new condition, viz., that of paying for the gasoline, at the closing conference is entirely without support in the testimony.

We fully agree with the statement made by the circuit judge in his memorandum decision, in which he stated:

"It appears without contradiction in the record that the payment for the gasoline in the tanks which had been supplied by the Beacon Oil Company, not a party to the contract,

was entirely distinct from and collateral to the contract to purchase the business. It does not appear that the parties entering into the contract ever complied with section 241.18, Wisconsin statutes, nor that the sale of gasoline of an undetermined amount in the tanks was at any time contemplated by the parties. It was a matter upon which the plaintiff was bound to inquire, and his failure to do so leaves him without a remedy. The contract between the parties was complete, and the attempted rescission by the plaintiff because payment for the gasoline in the tanks was insisted upon by the lessor cannot be made the basis for a cause of action against the defendant. The findings of the trial court are, therefore, against the great weight and clear preponderance of the evidence, . . ."

The offer to purchase was executed on January 23, 1950, and the actual closing date was February 8th, although it could have been any date up to February 15th. It is quite evident that if the service station was operated in the meantime, the stock on hand would fluctuate, as the usual filling station carries oil and supplies for automobiles in addition to gasoline. A fair interpretation of the provision in the offer to purchase, that stock of the value of approximately $100 was to be included in the purchase price, is that such condition required that the seller tender at the closing stock on hand of a value of not less than $100. It certainly would be a strained and unreasonable interpretation of the contract, if the tanks should be full of gasoline worth $800 at the closing date, to hold that the seller was required to deliver over such gasoline to the plaintiff purchaser as part of the stock included in the $1,200 purchase price. Surely $800 is far from being "approximately" $100.

There is one other point which occurs to this court, which was not raised by the plaintiff in the civil court, the circuit court, or this court, and that is whether the forfeiture of the $200 was actually intended as liquidated damages, or whether it was in the nature of a penalty. Counsel for plaintiff, not

having raised the issue in any of the three courts which have had this case before it, we assume the explanation therefor is because counsel, after due consideration, had concluded that it would not be in the best interests of plaintiff to do so. However, even if the plaintiff were successful in establishing that the provision for forfeiture was in the nature of a penalty and void, the seller, nevertheless, would be entitled to recover his actual damages sustained by reason of plaintiff's failure to consummate the purchase. *Elmor Realty Co. v. Community Theatres* (1932), 208 Wis. 76, 241 N. W. 632. Such damages might conceivably exceed the $200 down payment.

*By the Court.*—Judgment affirmèd.

BROADFOOT, J., dissents.